IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20141-22-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| VERDELL MAYS, | ) | No. 18-2383-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's *Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 1071). For reasons stated below, the Court overrules defendant's motion.

## BACKGROUND

On November 20, 2013, a grand jury charged Verdell Mays with conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine, cocaine base and marijuana, and to maintain a drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 846, and 856 (Count 1) and using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(d) (Count 3). *See Second Superseding Indictment* (ECF No. 439) at 1-5. On February 3, 2014, the day trial was scheduled to begin, Mr. Mays pled guilty to both counts without a plea agreement. *See Petition To Enter Plea Of Guilty And Order Entering Plea* (ECF No. 561).

On May 15, 2014, the undersigned judge, sitting by designation, sentenced Mr. Mays to 225 months in prison and eight years of supervised release. *See Judgment In A Criminal Case* (ECF No. 719) at 2-3. On April 8, 2015, the Tenth Circuit affirmed defendant's sentence. *See Order And Judgment* (ECF No. 927). On August 24, 2015, under Amendment 782 to the

Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced defendant's sentence to 180 months. *See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)* (ECF No. 943). Defendant's term of supervised release was unchanged.

On July 23, 2018, Mr. Mays filed a motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that his sentence violates his Fifth Amendment right to protection against double jeopardy because it includes both a term of imprisonment and a term of supervised release. *See Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 1071) at 4, 12-13; *Memorandum In Support Of Application For Habeas Corpus* (ECF No. 1071-2) at 3-12. Mr. Mays asks the Court to vacate his term of supervised release and "place it as Congress intended it, inside the sentence" of imprisonment. *Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 1071) at 13.

## DISCUSSION

Mr. Mays argues that his sentence of imprisonment and supervised release violates his right to protection against double jeopardy.[1] *Memorandum In Support Of Application For Habeas*

---

[1] Defendant's claim appears to be procedurally barred because he did not raise it on direct appeal and he filed the instant motion some 36 months after his conviction was final. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (Section 2255 not available to test legality of matters which should have been raised on appeal); *see also* 28 U.S.C. § 2255 (one-year period of limitation ordinarily runs from date on which judgment of conviction becomes final); *Clay v. United States*, 537 U.S. 522, 524-25 (2003) (when defendant files appeal but no petition for certiorari, judgment becomes final when time expires for filing petition, ordinarily 69 days after appellate mandate). Because defendant has not had an opportunity to address potential procedural bars and his claim can be easily resolved on the merits based on his motion and initial memorandum, the Court does not address any potential procedural bars. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (court may raise procedural bars *sua sponte*, but must afford defendant opportunity to respond).

*Corpus* (ECF No. 1071-2) at 3-12. The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause prohibits multiple punishments and multiple prosecutions for the same criminal conduct. *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The protection against multiple punishments is "designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 366-68 (1983)).

Here, Congress clearly intended that a sentence include both a term of imprisonment and a term of supervised release. The statute of conviction on Count 1, 21 U.S.C. § 841(b)(1)(B), as applied to Mr. Mays, requires that any sentence imposed shall "include a term of supervised release of at least 8 years in addition to [the] term of imprisonment." 21 U.S.C. § 841(b)(1)(B); *see Presentence Investigation Report* (ECF No. 679), ¶ 132 (because information filed establishing prior felony drug offense conviction, defendant subject to term of supervised release of at least 8 years). In the general statute authorizing courts to impose supervised release, Congress has expressed its intent that where the statute of conviction requires a term of supervised release, a court must include such a term as part of the sentence. 18 U.S.C. § 3583(a). Because Congress has specifically authorized, and in this case required, a sentence which includes both a term of imprisonment and a term of supervised release, defendant's sentence does not violate his Fifth

Amendment right to protection against double jeopardy.[2] *See Doddard v. United States*, No. 17-7982(SDW), 2018 WL 2684115, at *7 (D.N.J. June 4, 2018) (sentence of imprisonment and supervised release does not violate Double Jeopardy Clause); *Knope v. United States*, No. 13-C-0043, 2017 WL 1052588, at *9 (E.D. Wis. Mar. 20, 2017) (same); *United States v. Lee*, 84 F. Supp.3d 7, 10 (D.D.C. 2015) (same); *Pryer v. United States*, 679 F. Supp.2d 529, 538 (D. Del. 2010) (same). Accordingly, the Court overrules defendant's motion.

## CONCLUSION

For the above reasons, the Court finds that the files and records in this case conclusively show that Mr. Mays is not entitled to relief. No evidentiary hearing or response by the government is required to resolve defendant's motion. *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); *United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless allegations, if proved, would entitle petitioner to relief and allegations not contravened by record).

## CERTIFICATE OF APPEALABILITY

An appeal from a final order in a Section 2255 proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that petitioner demonstrate

---

[2] Mr. Mays presents several additional arguments related to separation of powers, the impact of *United States v. Booker*, 543 U.S. 220 (2005), and the United States Probation Office's lack of authority to impose supervised release. As best the Court can ascertain and based on the nature of the relief requested, Mr. Mays raises these arguments in support of his single claim that his sentence violates the protection of the Double Jeopardy Clause.

that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Keyes*, 280 F. App'x 700, 701 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons detailed in this *Memorandum And Order*, Mr. Mays has not made a substantial showing of the denial of a constitutional right, and the Court therefore denies a certificate of appealability.

**THEREFORE**, it is hereby

**ORDERED** that defendant's *Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 1071) is **OVERRULED**, that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**, and that defendant's *Application To Proceed Without Prepayment Of Fees* (Doc. #1071-1) is **OVERRULED** as moot because no filing fee is required for a Section 2255 motion.

Dated this 14th day of November, 2018 at Kansas City, Kansas.

SCOTT W. SKAVDAHL
United States District Judge