# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20141-22-KHV |
| | ) | |
| VERDELL MAYS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANUDM AND ORDER**

This matter is before the Court on defendant's letter (ECF No. 1115), which the Court construes as a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion and denies a certificate of appealability.

## BACKGROUND

On May 15, 2014, the undersigned judge, sitting by designation, sentenced Mr. Mays to 225 months in prison. *See Judgment In A Criminal Case* (ECF No. 719) at 2-3. Defendant's sentence of 225 months reflects a credit of 22 months for time that he spent in custody on a state sentence that was relevant conduct in this federal case. *Transcript Of Sentencing Proceedings* (ECF No. 785) at 181 (court noting "sentence in the instant case is being adjusted downward approximately 22 months pursuant to 5G1.3(b)"); *Presentence Investigation Report* (ECF No. 679) ¶ 130 (noting that Section 5G1.3 may apply to undischarged term of imprisonment imposed in state court on August 23, 2012); *see* U.S.S.G. § 5G1.3(b)(1) (court shall adjust sentence for period of imprisonment already served on undischarged term of imprisonment on another offense that is relevant conduct for instant offense if court determines that BOP will not credit such period to federal sentence).

On April 8, 2015, the Tenth Circuit affirmed defendant's sentence. *See Order And*

*Judgment* (ECF No. 927). On August 24, 2015, under Amendment 782 to the Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced defendant's sentence to 180 months. *See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)* (ECF No. 943).

On November 14, 2018, the Court overruled defendant's first motion to vacate his sentence under 28 U.S.C. § 2255. *See Memorandum And Order* (ECF No. 1114).

On December 7, 2018, Mr. Mays filed the instant motion.

## DISCUSSION

Mr. Mays asserts that his initial sentence of 225 months did not reflect any credit for the time that he served in custody on his state sentence, which was before sentencing in this case. ECF No. 1115 at 1. Because Mr. Mays attacks the validity of his sentence, the Court has construed his motion as a successive one under 28 U.S.C. § 2255.[1] *See United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion).

A federal prisoner wishing to file a second or successive Section 2255 motion must first receive certification from the court of appeals authorizing this Court to consider such a motion. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A); *see also United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706 (10th Cir. 2013) (§ 2255 motion is "second or successive" if a prior § 2255 motion raised claims regarding same conviction or sentence and was decided on the merits). Absent the

---

[1] The Court declines to construe defendant's letter as a request for credit for time served under 18 U.S.C. § 3585(b) because (1) under the statute, the Bureau of Prisons, not the Court, makes credit determinations and (2) Mr. Mays is not entitled to credit under the statute because he received credit for the time served against his state sentence. 18 U.S.C. § 3585(b).

required authorization, this Court has no jurisdiction to consider a defendant's second or successive Section 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

When a second or successive Section 2255 motion is filed in the district court without the required authorization from the court of appeals, the district court may either dismiss the motion for lack of jurisdiction or transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *Id.* at 1252. Where a defendant's papers are plainly insufficient for certification under Section 2255(h), it is appropriate for the district court to decline a transfer of the motion to the court of appeals and simply dismiss the matter. *Id*.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Mr. Mays has not presented any arguable factual or legal basis to satisfy the gatekeeping requirements for a successive Section 2255 motion. Accordingly, the Court dismisses defendant's motion, as it would not be in the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals. *See In re Cline*, 531 F.3d at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to transfer frivolous § 2255 motion where motion fails on its face to satisfy any of the authorization standards of § 2255(h)).

## CONCLUSION

For the above reasons, the Court finds that the files and records in this case conclusively show that Mr. Mays is not entitled to relief. No evidentiary hearing or response by the

government is required to resolve defendant's motion. *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); *United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless allegations, if proved, would entitle petitioner to relief and allegations not contravened by record).

## CERTIFICATE OF APPEALABILITY

An appeal from a final order in a Section 2255 proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that petitioner demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Keyes*, 280 F. App'x 700, 701 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons detailed in this *Memorandum And Order*, Mr. Mays has not made a substantial showing of the denial of a constitutional right, and the Court therefore denies a certificate of appealability.

**THEREFORE**, it is hereby

**ORDERED** that defendant's letter (ECF No. 1115), which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED** for lack of jurisdiction and a certificate of appealability is **DENIED**.

Dated this 10th day of December, 2018 at Kansas City, Kansas.

SCOTT W. SKAVDAHL
United States District Judge