IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20141-22-KHV |
| | ) | |
| VERDELL MAYS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANUDM AND ORDER**

This matter is before the Court on *Petitioner's Pro Se Motion Pursuant To Federal Rules Of Civil Procedure 60(b)(6) Seeking To Reopen A Judgment In A 28 U.S.C. § 2255 Based On The Principles Established By The United States Supreme Court In* Castro v. United States*, 540 U.S. 375 (US, 2003)* (ECF No. 1123, pages 1-6) filed May 10, 2019.[1]  Because Mr. Mays attached to his Rule 60(b) motion a *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody* (ECF No. 1123, pages 7-18), the Court also construes his Rule 60(b) motion as a successive motion under 28 U.S.C. § 2255.  For reasons stated below, the Court overrules defendant's Rule 60(b) motion, dismisses his Section 2255 motion and denies a certificate of appealability.

### BACKGROUND

On February 3, 2014, Verdell Mays pled guilty to conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine, cocaine base, and marijuana, and to maintain a drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 846, and 856 (Count 1) and using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(d)

---

[1] On July 22, 2019, defendant filed an identical motion (ECF No. 1129).  The Court dismisses that motion as a duplicative filing.

(Count 3). *See Petition To Enter Plea Of Guilty And Order Entering Plea* (ECF No. 561). On May 15, 2014, the undersigned judge, sitting by designation, sentenced Mr. Mays to 225 months in prison. *See Judgment In A Criminal Case* (ECF No. 719) at 2-3. On April 8, 2015, the Tenth Circuit affirmed defendant's sentence. *See Order And Judgment* (ECF No. 927). On August 24, 2015, under Amendment 782 to the Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced his sentence to 180 months. *See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)* (ECF No. 943).

On November 14, 2018, the Court overruled defendant's first motion to vacate his sentence under 28 U.S.C. § 2255. *See Memorandum And Order* (ECF No. 1114). Defendant did not appeal.

On December 7, 2018, Mr. Mays filed a letter (ECF No. 1115), which the Court construed as a second or successive motion under 28 U.S.C. § 2255. On December 10, 2018, the Court dismissed defendant's motion. *See Memorandum And Order* (ECF No. 1116). Defendant again did not appeal.

On May 10, 2019, Mr. Mays filed the instant motion to reopen the habeas proceedings (ECF No. 1123, pages 1-6), along with a *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody* (ECF No. 1123, pages 7-18). In his Rule 60(b) motion, defendant argues that the Court erred in construing his letter (ECF No. 1115) as a second or successive motion under 28 U.S.C. § 2255. In his motion to vacate, defendant argues that (1) based on *Alleyne v. United States*, 570 U.S. 99 (2013), the Court sentenced him above the statutory maximum for his offense without the required findings by a jury or his plea; (2) counsel provided ineffective assistance at sentencing; (3) his plea of guilty was not knowing

or voluntary because he pled without knowledge of *Alleyne*; and (4) counsel provided ineffective assistance on appeal.

## DISCUSSION

**I.     Motion For Relief Under Rule 60(b) Of The Federal Rules Of Civil Procedure**

Initially, the Court evaluates whether defendant's motion to reopen proceedings is a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (petitioners cannot circumvent statutory certification requirements applicable to second or successive applications by filing pleadings labeled as Rule 60(b) motions, which in substance are habeas corpus petitions). A "true" Rule 60(b) motion either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citing *Gonzalez*, 545 U.S. at 532 & 532 n.4). Because defendant's motion challenges only the Court's procedural ruling to construe his letter as a Section 2255 motion without prior notice, it is a true Rule 60(b) motion.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to move the Court for relief from a judgment or order for mistake, inadvertence, excusable neglect, fraud, or any other reasons justifying relief from the operation of the judgment. "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quotation marks and citation omitted).

Mr. Mays argues that the Court erred in construing his letter (ECF No. 1115) as a second or successive motion under 28 U.S.C. § 2255. *See Motion To Reopen* (ECF No. 1123) at 2 (citing

*Castro v. United States*, 540 U.S. 375, 383 (2003)). Although Mr. Mays asserts his claim under Rule 60(b)(6), a claim of judicial mistake ordinarily must be raised under Rule 60(b)(1) and it must be filed by the deadline for filing a notice of appeal. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996); *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (Rule 60(b)(1) provides for reconsideration where party made excusable litigation mistake, attorney acted without authority; or court made substantive mistake of law or fact in final judgment or order). Because Mr. Mays failed to timely file his claim under Rule 60(b)(1), his claim likewise fails under Rule 60(b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (subsection (6) is "mutually exclusive" with other subsections of Rule 60(b)); *Wallace v. McManus*, 776 F.2d 915, 916 (10th Cir. 1985) (relief under subsection (6) not available if another provision of Rule 60(b) covers asserted grounds for relief); *see also Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (relief under Rule 60(b) not substitute for appeal); *Cashner*, 98 F.3d at 580 (broad power granted by subsection (6) not for purpose of relieving party from free, calculated, and deliberate choices; party has duty to take legal steps to protect interests).

Even if Mr. Mays had timely filed his claim under Rule 60(b), the Court would deny relief because he has not established legal error or extraordinary circumstances that warrant relief. Ordinarily, before construing a pro se document as a Section 2255 motion, the Court provides a defendant an opportunity to withdraw the motion (to the extent that he wants to wait and combine arguments in a subsequent motion) or to supplement it. *See Castro*, 540 U.S. at 383. Where the pro se document would constitute a second of successive motion, however, a defendant is not prejudiced by lack of such notice. *See United States v. Torres*, 282 F.3d 1241, 1242, 1245-46 (10th Cir. 2002) (concern about characterizing document as initial § 2255, that is preventing

prisoner from raising legitimate claim in subsequent § 2255 petition, does not apply where petitioner previously filed § 2255 petition). Here, Mr. Mays did not suffer any prejudice from the lack of notice in converting his letter (ECF No. 1115) to a Section 2255 petition because the Court had overruled his first Section 2255 petition some 25 days before he filed the letter.

In sum, Mr. Mays has not shown that relief under Rule 60(b) is warranted.

**II.     Successive Motion Under 28 U.S.C. § 2255**

A federal prisoner wishing to file a second or successive Section 2255 motion must first receive certification from the court of appeals authorizing this Court to consider such a motion. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A); *see also United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706 (10th Cir. 2013) (§ 2255 motion is "second or successive" if prior § 2255 motion raised claims regarding same conviction or sentence and was decided on merits). Absent the required authorization, this Court lacks jurisdiction to consider a defendant's second or successive Section 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

When a second or successive Section 2255 motion is filed in the district court without the required authorization from the court of appeals, the district court may either dismiss the motion for lack of jurisdiction or transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *Id.* at 1252. Where a defendant's papers are plainly insufficient for certification under Section 2255(h), it is appropriate for the district court to decline a transfer of the motion to the court of appeals and simply dismiss the matter. *Id*.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Mr. Mays has not presented any arguable factual or legal basis to satisfy the gatekeeping requirements for a successive Section 2255 motion. Accordingly, the Court dismisses defendant's motion, as it would not be in the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals. *See In re Cline*, 531 F.3d at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to transfer frivolous § 2255 motion where motion fails on its face to satisfy any of the authorization standards of § 2255(h)).

**CONCLUSION**

For the above reasons, the Court finds that the files and records in this case conclusively show that Mr. Mays is not entitled to relief. No evidentiary hearing or response by the government is required to resolve defendant's motion. *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); *United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless allegations, if proved, would entitle petitioner to relief and allegations not contravened by record).

**CERTIFICATE OF APPEALABILITY**

An appeal from a final order in a Section 2255 proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that petitioner demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *United States v. Keyes*, 280 F. App'x 700, 701 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons detailed in this *Memorandum And Order*, Mr. Mays has not made a substantial showing of the denial of a constitutional right, and the Court therefore denies a certificate of appealability.

**THEREFORE**, it is

**ORDERED** that *Petitioner's Pro Se Motion Pursuant To Federal Rules Of Civil Procedure 60(b)(6) Seeking To Reopen A Judgment In A 28 U.S.C. § 2255 Based On The Principles Established By The United States Supreme Court In <u>Castro v. United States</u>, 540 U.S. 375 (US, 2003)* (Doc. #1123) filed May 10, 2019, which the Court also construes as a successive motion under 28 U.S.C. § 2255, is **OVERRULED** to the extent that defendant seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, and is **DISMISSED** for lack of jurisdiction to the extent that the Court construes defendant's motion as a successive motion under 28 U.S.C. § 2255;

**FURTHER ORDERED** that *Petitioner's Pro Se Motion Pursuant To Federal Rules Of Civil Procedure 60(b)(6) Seeking To Reopen A Judgment In A 28 U.S.C. § 2255 Based On The Principles Established By The United States Supreme Court In <u>Castro v. United States</u>, 540 U.S. 375 (US, 2003)* (ECF No. 1129) filed July 22, 2019 is **DISMISSED** as a duplicative filing.

**FURTHER ORDERED** that a certificate of appealability as to the ruling on petitioner's Section 2255 motion is **DENIED**.

Dated this 16th day of September, 2019 at Kansas City, Kansas.

                                                                /s/ Scott W. Skavdahl
                                                                 SCOTT W. SKAVDAHL
                                                                 United States District Judge