## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | **No. 12-20141-22-KHV** |
| | ) | |
| VERDELL MAYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANUDM AND ORDER

This matter is before the Court on defendant's *Motion For The Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* (ECF No. 1197) and his *Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release)* (ECF No. 1204).   Liberally construing both pro se motions, Mr. Mays seeks compassionate release based on (1) a change of law and (2) his medical conditions combined with the COVID-19 pandemic.   The Court, having considered the briefs and materials submitted in support of the motions and the government's responses, hereby dismisses defendant's motions.

## BACKGROUND

On November 20, 2013, a grand jury charged Mr. Mays with conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine, cocaine base and marijuana, and to maintain a drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 846, and 856 (Count 1) and using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(d) (Count 3).   *See Second Superseding Indictment* (ECF No. 439) at 1–5.   On February 3, 2014, the day trial was scheduled to begin, Mr. Mays pled guilty to both counts without a plea agreement.   *See Petition To Enter Plea Of Guilty And Order Entering Plea* (ECF No. 561).

On May 15, 2014, the undersigned judge, sitting by designation, sentenced Mr. Mays to

225 months in prison. *See Judgment* (ECF No. 719) at 2-3. The sentence of 225 months reflects a credit of 22 months for time that Mr. Mays spent in custody on a state sentence that was relevant conduct in this federal case. *Transcript Of Sentencing Proceedings* (ECF No. 785) at 181; *see* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 5G1.3(b)(1) (Nov. 2018) (court shall adjust sentence for period of imprisonment already served on undischarged term of imprisonment on another offense that is relevant conduct for instant offense if court determines that BOP will not credit such period to federal sentence). On April 8, 2015, the Tenth Circuit affirmed defendant's sentence. *See Order And Judgment* (ECF No. 927). On August 24, 2015, under Amendment 782 to the Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced defendant's sentence to 180 months. *See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 943).

Mr. Mays is incarcerated at FCI Florence, a BOP facility in Florence, Colorado. He seeks compassionate release in part because of the COVID-19 pandemic and the conditions at FCI Florence. Mr. Mays asserts that his hypertension, asthma and blood condition place him at an increased risk of severe injury or death if he contracts COVID-19. The BOP reports that at FCI Florence, 32 inmates and four staff members have active infections. *See* COVID-19, https://www.bop.gov/coronavirus (last visited Mar. 19, 2021). Two inmates at FCI Florence have died from COVID-19. *Id.* Some 748 inmates and 47 staff members have recovered; 111 inmates and 372 staff members have been fully vaccinated.[1] *Id.*

In the instant motions, Mr. Mays seeks compassionate release based on (1) a change of law and (2) his medical conditions.

---

1 FCI Florence houses approximately 956 inmates.

## DISCUSSION

Federal courts "generally lack jurisdiction to modify a term of imprisonment once it has been imposed." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)). One of the few limited circumstances where Congress has allowed a sentence modification is upon a motion of the BOP Director or defendant under 18 U.S.C. § 3582(c)(1)(A). The court may consider a request for compassionate release under Section 3582(c)(1)(A) only upon motion of the BOP or of defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If a defendant satisfies the administrative exhaustion requirement, the district court may order compassionate release if, after considering the factors set forth in section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction," consistent with the applicable criteria under Application Note 1 to Section 1B1.13 of the Sentencing Guidelines.[2] 18 U.S.C. § 3582(c)(1)(A)(1). Absent a showing that § 3582(c) authorizes a reduced sentence, the court lacks jurisdiction to grant relief. *See United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (further quotations omitted)); *United States v. Saldana*, 807 F. App'x 816,

---

[2]    Congress directed the Sentencing Commission to promulgate policy statements defining what are "extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied." 28 U.S.C. § 994(t). The Sentencing Commission's only policy statement on compassionate release is at Section 1B1.13. *See* U.S.S.G. § 1B1.13, *Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)*, cmt. n.1 (Nov. 2018).

820 (10th Cir. 2020) (same).

## I.     Exhaustion of Administrative Remedies

The government concedes Mr. Mays exhausted his administrative remedies because he filed his motion more than 30 days after he filed a request for compassionate release with the prison warden.   The court also finds that Mr. Mays has exhausted his administrative remedies and that his motion is properly presented to the court for consideration under Section 3582(c)(1)(A).

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission has found that "extraordinary and compelling reasons" for compassionate release include:  (1) defendant's medical condition;  (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories.  U.S.S.G. § 1B1.13, cmt. n.1.  The Sentencing Commission's policy statement has not been amended since passage of the First Step Act, but nonetheless remains the relevant policy statement in determining on a defense motion whether "extraordinary and compelling reasons" warrant defendant's release.  *See Saldana*, 807 F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)); *see also United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) ("§ 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission.") (emphasis in original).

Mr. Mays first asserts that a change of law constitutes an extraordinary and compelling reason for his release.   Specifically, he contends that if he were sentenced today, he would not be subject to an enhanced sentence under 21 U.S.C. § 851.   In two unpublished opinions, the Tenth Circuit has found that a change of law does not constitute an extraordinary and compelling reason

-4-

for release.  *See United States v. Sears*, No. 20-3129, 2020 WL 7090503, at *2 n.3 (10th Cir.

2020) ("None of the reasons the Sentencing Commission has identified as justifying a sentence

reduction under § 3582(c)(1)(A) includes legal error in a defendant's sentence or post-sentencing

developments in the case law."); *Saldana*, 807 F. App'x at 820 ("neither the § 1B1.13 commentary

nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an

'extraordinary and compelling reason' warranting a sentence reduction").  *But see United States

v. Rodriguez,* No. 20-3220, 2021 WL 717045, at *2 (10th Cir. Feb. 24, 2021) (Briscoe, J.,

concurring) (Section 1B1.13 does not apply to defense motions); *United States v. Brooker*, 976

F.3d 228, 230 (2d Cir. 2020) (district courts evaluating motions for compassionate release are not

bound by Section 1B1.13 and may consider "any extraordinary and compelling reason for release

that a defendant might raise").[3]

       The court need not address whether a change of law can be considered an extraordinary

and compelling reason for compassionate release because Mr. Mays has not shown that any such

change impacted his sentence.  Mr. Mays argues that absent the enhancement for a prior

conviction under Section 851, his guideline range today would be 87 to 108 months.  *See Motion

For The Reduction Of Sentence* (ECF No. 1197) at 3.  Mr. Mays ignores the fact that his

Section 851 enhancement only impacted his statutory range, increasing it from 5 to 40 years to

10 years to life.  *See* 21 U.S.C. § 841(b)(1)(B).  Even without the Section 851 enhancement, his

original guideline range of 210 to 262 months and amended guideline range (after

---

[3]       Some district courts have determined that although the court cannot consider a change of law as an extraordinary and compelling reason for release, it may consider any change in the balancing of the relevant sentencing factors under 18 U.S.C. § 3553(a).  *See United States v. McIntosh*, No. 11-20085-01-KHV, 2020 WL 5747921, at *5 n.4 (D. Kan. Sept. 25, 2020); *United States v. Walker*, No. 06-CR-00320-LTB, 2020 WL 5100250, at *4 (D. Colo. Aug. 21, 2020).

Amendment 782) of 168 to 210 months fall entirely within the lower statutory range of 5 to 40 years.   In sum, Mr. Mays has not shown that under current law, his guideline range or ultimate sentence would be lower.   He therefore has not established that any change of law constitutes an extraordinary and compelling reason for his release.

Next, Mr. Mays asserts that in light of the COVID-19 pandemic, his medical conditions constitute extraordinary and compelling reasons for release.   The government concedes that because Mr. Mays has a history of hypertension and asthma, he has established extraordinary and compelling reasons and may be considered for compassionate release under Section 3582(c)(1)(A)(i).   *See Government's Response To Defendant's Supplemental Motion For Compassionate Release* (ECF No. 1207) at 17.   The court also finds Mr. Mays's medical conditions satisfy the extraordinary and compelling standard for compassionate release. Extraordinary and compelling circumstances exist if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt n.l(A)(ii).   While Mr. Mays's current self-care in prison seems to be adequate as evidenced by his medical records, it appears that such care would not be adequate if Mr. Mays were to contract COVID-19.   Mr. Mays's medical conditions likely put him at a higher risk for COVID-19 and related complications, particularly in light of the conditions at FCI Florence.   FCI Florence has had 1231 inmate tests with 787 positive results, or a positivity rate of some 63 percent.   *See* COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus (last visited Mar. 19, 2021).   Despite 32 active infections, FCI Florence reports zero pending tests and significant progress with vaccinations. *See id.* Still, it appears that at FCI Florence, Mr. Mays's medical conditions "substantially diminish" his ability

-6-

to provide self-care under U.S.S.G. § 1B1.13, comment n.l(A)(ii).   Mr. Mays has shown that his medical conditions constitute extraordinary and compelling reasons for compassionate release. Even so, as explained below, the requested relief is not warranted.

## III.   Danger to the Community

Under the Sentencing Commission's policy statement, compassionate release is appropriate only if an inmate is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."   U.S.S.G. § 1B1.13(2).   In this vein, "the safety of the community is a broader concept than acts of physical violence, and safety of the community 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community.'"   *United States v. Aguirre-Diaz*, No. 18-CR-0171-004-CVE, 2018 WL 4205027, at *4 (N.D. Okla. Sept. 4, 2018) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).   Section 3142(g) directs a court to consider a variety of factors including defendant's history and characteristics, the nature and circumstances of the current offense, and the nature and seriousness of the danger that would be occasioned by defendant's release.   *See* 18 U.S.C. § 3142(g)(1), (3)-(4).

The government does not claim that Mr. Mays poses a direct danger to society upon release. Mr. Mays has not convinced the court, however, that if released, he would not be a danger to the safety of any other person or to the community.

Mr. Mays's history and characteristics suggest he would pose a danger to the community if released.   As the court noted at sentencing, Mr. Mays has a lengthy criminal record which commenced when he committed battery at the age of 11.   *Transcript Of Sentencing Proceedings* (ECF No. 785) at 181.   As an adult, Mr. Mays was convicted of possession of a controlled substance, gambling, trespassing and theft.   *See id.*, ¶¶ 101–04.   In 2000, he was convicted of

aggravated assault and two counts of selling cocaine.  *See id.*, ¶ 105.  In 2011, he was convicted of assault of a law enforcement officer and was serving a six-year term of imprisonment at the time of sentencing in this case.  *See id.*, ¶ 106.  The 2011 offense was relevant conduct to the instant offense.  As part of the 2011 offense, during a traffic stop, Mr. Mays caused serious physical injury to a police officer when he refused to exit his truck and started to drive the vehicle away while the officer's arms were caught inside the vehicle.  *See id.*

The nature and circumstances of the instant offense also suggest that Mr. Mays would be a danger to the community if released.  Mr. Mays was involved in a large-scale drug trafficking conspiracy.  He personally was accountable for 220 grams of cocaine base and approximately ten kilograms of powder cocaine.  *See Presentence Investigation Report* (ECF No. 679), ¶ 78.  He received a two level enhancement for maintaining a residence to manufacture controlled substances, a two level enhancement for possession of a firearm and a two level enhancement for creating a substantial risk of death or serious bodily injury to another while fleeing from law enforcement.  *See id.*, ¶¶ 85–86, 89.

In sum, because Mr. Mays has failed to establish he would not be a danger to the safety of any other person or to the community even under strict conditions of release, he does not qualify for compassionate release.

## IV.   Applicable 18 U.S.C. § 3553(a) Factors

Even if Mr. Mays had demonstrated he does not pose a danger to the community at this time, he has not shown that the applicable Section 3553(a) factors support a reduced sentence. Under Section 3553(a), a sentencing court must "impose a sentence sufficient, but not greater than necessary."  18 U.S.C.§ 3553(a).   In doing so, the court considers various factors including:

(1) the nature and circumstances of the offense and the history and characteristics

of the defendant;

(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing [guideline] range established for [the offense] . . .;

(5) any pertinent policy statement . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Now 44 years old, Mr. Mays's current anticipated release with good time credit is April 19, 2027.  *See* Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Mar. 2, 2021).  To date, with good time credit, he has served about 94 months in prison or slightly more than half of his sentence of 180 months.  A reduction of Mr. Mays's sentence to time served would not reflect the serious nature of the offense, promote respect for the law, provide just punishment for the offense or afford adequate deterrence to future criminal conduct.  The nature and circumstances of this offense, as outlined above, do not support a sentence of time served.  *See supra* text, Discussion, Part III.  Likewise, Mr. Mays's extensive criminal history supports the amended sentence of 180 months that was imposed here.  *See id.*  The court recognizes that Mr. Mays has expressed a new attitude and apparently is committed to a law abiding life.  *See Defendant's Reply* (ECF

No. 1211) at 3-7.   Even so, on balance, the factors under Section 3553(a) do not support a sentence of time served, which would be significantly below the low end of the amended guideline range of 168 to 210 months.   A sentence of 180 months remains sufficient but not greater than necessary to accomplish the goals of sentencing.

## CONCLUSION

Mr. Mays has not established that if released, he would not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."   U.S.S.G. § 1B1.13(2).   Likewise, the applicable factors under Section 3553(a) do not support his release. Accordingly, a sentence reduction is not authorized by § 3582(c)(1)(A) and defendant's motions must be dismissed without prejudice for lack of jurisdiction.   *See United States v. Everhart*, No. 18-20031-01-DDC, at *3-4 (D. Kan. Jan. 6, 2021).

**THEREFORE**, it is hereby

**ORDERED** that defendant's *Motion For The Reduction Of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* (ECF No. 1197) and his *Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release)* (ECF No. 1204) are DISMISSED WITHOUT PREJUDICE.

Dated this _____19ᵗʰ_____ day of March, 2021.

SCOTT W. SKAVDAHL
United States District Judge