## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,    ) | CRIMINAL ACTION |
| ) | |
| v.    ) | No. 12-20141-22-KHV |
| ) | |
| VERDELL MAYS,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se *Renewed Motion For Compassionate Release And Sentence Reduction* (ECF No. 1248).   Mr. Mays seeks compassionate release because (1) the court did not credit him for time that he served in state custody and (2) the Bureau of Prisons ("BOP") has failed to adequately treat his medical conditions which were exacerbated when he contracted COVID-19 in February of 2022.   The court, having considered the briefs and materials submitted in support of the motion and the government's response, denies defendant's motion.

### BACKGROUND

On November 20, 2013, a grand jury charged Mr. Mays with conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine, cocaine base and marijuana, and to maintain a drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 846, and 856 (Count 1) and using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(d) (Count 3).   *See Second Superseding Indictment* (ECF No. 439) at 1–5.   On February 3, 2014, the day trial was scheduled to begin, Mr. Mays pled guilty to both counts without a plea agreement.   *See Petition To Enter Plea Of Guilty And Order Entering Plea* (ECF No. 561).

On May 15, 2014, the undersigned judge, sitting by designation, sentenced Mr. Mays to

225 months in prison.   *See Judgment In A Criminal Case* (ECF No. 719) at 2–3.   The sentence of 225 months reflects a credit of 22 months for time that Mr. Mays spent in custody on a state sentence that was relevant conduct in this federal case.   *Transcript Of Sentencing Proceedings* (ECF No. 785) at 181; *see id.* at 187–88 (as to time served on state sentence before imposition of federal sentence, court has considered that in arriving at sentence under Guidelines); *see also* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 5G1.3(b)(1) (court shall adjust sentence for period of imprisonment already served on undischarged term of imprisonment on another offense that is relevant conduct for instant offense if court determines that the BOP will not credit such period to federal sentence).

On April 8, 2015, the Tenth Circuit affirmed defendant's sentence.   *See Order And Judgment* (ECF No. 927).   On August 24, 2015, under Amendment 782 to the Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced defendant's sentence to 180 months.   *See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)* (ECF No. 943).

On March 19, 2021, the court dismissed Mr. Mays's motion which sought compassionate release based on (1) a change of law and (2) his medical conditions combined with the COVID-19 pandemic.   *See Memorandum And Order* (ECF No. 1213) at 10.   Mr. Mays has filed a renewed motion for compassionate release based on the "totality of the circumstances in combination with the [Section] 3553(a) factors."   *Renewed Motion* (ECF No. 1248) at 9–10.   Specifically, he contends that (1) the court did not credit him for time that he served in state custody and (2) the BOP has failed to adequately treat his medical conditions which were exacerbated when he contracted COVID-19 in February of 2022.   *Id.*

## DISCUSSION

Federal courts "generally lack jurisdiction to modify a term of imprisonment once it has been imposed." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)).   One of the few limited circumstances where Congress has allowed a sentence modification is upon a motion of the BOP Director or defendant under 18 U.S.C. § 3582(c)(1)(A).   The court may consider a request for compassionate release under Section 3582(c)(1)(A) only upon motion of the BOP or of defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A)(1).   If a defendant satisfies the administrative exhaustion requirement, the district court may order compassionate release if, after considering the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction," consistent with the applicable criteria under the Sentencing Commission's policy statement (Section 1B1.13 of the Sentencing Guidelines). 18 U.S.C. § 3582(c)(1)(A)(1). Specifically, the policy statement requires that a defendant establish that extraordinary and compelling reasons as defined in the policy statement warrant the requested relief and that defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).   U.S.S.G. § 1B1.13(a)(1)–(2).

## I.     Exhaustion of Administrative Remedies

The government argues that Mr. Mays has failed to exhaust his administrative remedies because his request to the prison warden only asked for "home confinement placement."   *See* Email Request (ECF No. 1248-1) at 1.   Even so, defendant asked the warden to consider him for relief under "5050.50," which refers to the BOP Program Statement for compassionate release

motions.   *Id.*; *see* BOP Program Statement § 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed March 26, 2024).   On October 3, 2023, the warden denied relief.  The court therefore finds that Mr. Mays has exhausted his administrative remedies and that his motion is properly presented to the court for consideration under Section 3582(c)(1)(A).

## II.   Extraordinary and Compelling Reasons

The Sentencing Commission has found that "extraordinary and compelling reasons" for compassionate release may include: (1) a defendant's medical circumstances; (2) his advanced age combined with a serious deterioration in health; (3) his family circumstances which require him to act as a caregiver; (4) his status as a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.   U.S.S.G. § 1B1.13(b)(1)–(6).

A.   Credit for Time in State Custody Before Sentencing

Mr. Mays argues that the court did not credit him for time that he served in state custody. Specifically, Mr. Mays argues that Judge Vratil erred when she reduced his sentence to 180 months in prison without also specifying that Mr. Mays will receive credit for the 22 months he spent in custody on the state case before sentencing in the federal case.   *Defendant's Reply* (ECF No. 1257) at 7 (court "mistakenly failed to repeat" that Mr. Mays would receive a credit of

22 months towards the sentence of 180 months); *id.* at 9 (court's "clear error" is compelling reason for sentence reduction).

Initially, the court lacks jurisdiction to consider Mr. Mays's claim that his amended sentence did not include a credit of 22 months for time that he spent in state custody.  Because such a claim collaterally attacks the validity of his sentence, Mr. Mays must assert such a claim in a motion to vacate sentence under 28 U.S.C. § 2255.  *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir.), *reh'g en banc denied*, 78 F.4th 1221 (2023), *pet. cert. filed*, (U.S. Dec. 28, 2023, No. 23-6384).   Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), the court lacks jurisdiction to consider "§ 2255-like claims" which assert errors in a defendant's conviction or sentence. *Id.*; *see United States v. Ellis*, No. 12-20066-30-KHV, 2024 WL 169180, at *1 (D. Kan. Jan. 16, 2024).   When a defendant raises a Section 2255-like claim in a compassionate release motion, the court must treat such a claim as a Section 2255 motion.   *Wesley*, 60 F.4th at 1288.

A federal prisoner wishing to file a second or successive Section 2255 motion must first receive certification from the court of appeals authorizing this court to consider such a motion. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A); *see also United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706 (10th Cir. 2013) (§ 2255 motion is "second or successive" if prior § 2255 motion raised claims regarding same conviction or sentence and was decided on merits).   Absent the required authorization, this court lacks jurisdiction to consider a defendant's second or successive Section 2255 motion.   *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

When a second or successive Section 2255 motion is filed in the district court without the required authorization from the court of appeals, the district court may either dismiss the motion for lack of jurisdiction or transfer the matter to the court of appeals if it determines it is in the

interest of justice to do so under 28 U.S.C. § 1631.  *Id.* at 1252.  Where a defendant's papers are plainly insufficient for certification under Section 2255(h), it is appropriate for the district court to decline a transfer of the motion to the court of appeals and simply dismiss the matter.  *Id.*

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Mr. Mays has not presented any arguable factual or legal basis to satisfy the gatekeeping requirements for a successive Section 2255 motion.  Accordingly, the court dismisses Mr. Mays's motion, as it would not be in the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals.  *See In re Cline*, 531 F.3d at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to transfer frivolous § 2255 motion where motion fails on its face to satisfy any of the authorization standards of § 2255(h)).

Even if the court had jurisdiction to consider Mr. Mays's present challenge to his amended sentence as part of a compassionate release motion, the court would deny relief.  To establish extraordinary and compelling reasons, Mr. Mays must rely on the catchall provision in the policy statement, U.S.S.G. § 1B1.13(b)(5).  Under that provision, a defendant may establish extraordinary and compelling reasons for other circumstances not specified in the first four categories (*i.e.* medical circumstances, advanced age, family circumstances, victim of abuse) if defendant presents circumstances or a combination of circumstances that, when considered by themselves or together with any of the reasons described in the first four categories, are "similar

in gravity" to the circumstances described in the first four categories.  *Id.*   Mr. Mays cannot

satisfy this standard.

Mr. Mays can hardly complain that the alleged error in the amended sentence constitutes

extraordinary and compelling circumstances where he invited any such error.   Counsel for Mr.

Mays submitted a proposed order which granted relief on defendant's motion under

Amendment 782.   The proposed order—which Judge Vratil signed—reduced Mr. Mays's

sentence from 225 months to 180 months but did not specify whether it included a credit for time

in state custody.   Mr. Mays did not appeal.   Under the invited-error doctrine, Mr. Mays is

precluded from now asserting that Judge Vratil erred in entering the order without specifying that

he receive 22 additional months credit for his sentence for time that he served in state custody.

*See United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005) (invited-error doctrine

"precludes a party from arguing that the district court erred in adopting a proposition that the party

had urged the district court to adopt"); *see also Ives v. Boone*, 101 F. App'x 274, 284 (10th Cir.

2004) (noting that court has previously denied habeas relief when a defendant's request for relief

is based on an error he invited).

Mr. Mays also misinterprets the impact of this court's finding at his initial sentencing that

his sentence of 225 months reflected a credit of 22 months for time that he spent in custody on a

state sentence that was relevant conduct in this federal case.[1]   Absent the credit for the time that

---

[1]     *Transcript Of Sentencing Proceedings* (ECF No. 785) at 181; Judgment in a Criminal Case (ECF No. 719) at 2 ("The court notes that the controlling sentence on Count 1 [of 225 months in prison] has been adjusted downward 22 months pursuant to § 5G1.3(b)."); *see id.* at 187–88 (as to time served on state sentence before imposition of federal sentence, court has considered that in arriving at sentence under Guidelines); *see also* U.S.S.G. § 5G1.3(b)(1) (Nov. 2018) (court shall adjust sentence for period of imprisonment already served on undischarged term of imprisonment on another offense that is relevant conduct for instant offense if court determines that the BOP will not credit such period to federal sentence); *Presentence Investigation Report*

Mr. Mays spent in state custody, the court would have imposed a sentence of 247 months, *i.e.* 225 months plus 22 months.   After Amendment 782, Judge Vratil granted Mr. Mays's request for a reduced sentence from 225 months to 180 months.   Judge Vratil did not specify that the reduced sentence of 180 months included a credit of 22 months under Section 5G1.3(b) of the Guidelines.   Even so, that fact was obvious in the context of Mr. Mays's proposed order which sought a reduction from the prior sentence of 225 months—without specifying that the sentence of 225 months included a credit of 22 months.   Indeed, in imposing an amended sentence under Section 3582(c)(2), Judge Vratil only substituted the language in Amendment 782 for the corresponding Guidelines provision that was applied when this court originally sentenced Mr. Mays.   All other guideline application decisions—including this court's decision to give Mr. Mays 22 months credit under Section 5G1.3(b)—were unaffected.   U.S.S.G. § 1B1.10(b)(1) ("In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); *see Freeman v. United States*, 564 U.S. 522, 531 (2011) (plurality opinion) ("All Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment.").   Mr. Mays has not shown that his amended sentence of 180 months *excluded* the credit of 22 months for time in state custody.   He therefore cannot show extraordinary and compelling reasons for a further reduction of his sentence under the applicable policy statement.

---

(ECF No. 679), ¶ 130 (court should adjust the sentence in this case for any period of imprisonment already served on the undischarged term of imprisonment in state case if the court determines that the BOP will not credit such period of imprisonment to the federal sentence; and the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.) (citing U.S.S.G. § 5G1.3(b)).

*See* U.S.S.G. § 1B1.13(b)(5).

In sum, even if the court had jurisdiction to consider Mr. Mays's challenge to his amended sentence, his challenge does not constitute an extraordinary and compelling reason to reduce his sentence.[2]

B.   Adequacy of BOP Medical Care

Mr. Mays argues that the BOP has failed to adequately treat his medical conditions which were exacerbated when he contracted COVID-19 in February of 2022.   Under the policy statement, the medical circumstances of a defendant can provide extraordinary and compelling reasons for a reduced sentence in the following circumstances:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory).   A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is--
   (i) suffering from a serious physical or medical condition,
   (ii) suffering from a serious functional or cognitive impairment, or
   (iii) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant

---

[2]       Mr. Mays also argues generally that the BOP has failed to adequately compute his credit for "jail time."   *Renewed Motion* (ECF No. 1248) at 10.   Mr. Mays does not explain the basis for any such challenge or if it relates to his challenge to the court's amended sentence.   In any event, the Sentencing Commission has not identified an alleged failure by the BOP to properly credit a defendant's time in state custody as an extraordinary and compelling reason for a reduced sentence.   Mr. Mays's remedy for any BOP miscalculation is to seek judicial review under 18 U.S.C. § 3585(b), after he has exhausted administrative remedies.   *See Buchanan v. U.S. Bureau of Prisons*, 133 F. App'x 465, 467 (10th Cir. 2005); *see also United States v. Wilson*, 503 U.S. 329, 333–35 (1992) (credit awards are made by the Attorney General through the BOP).

is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances--
    (i) the defendant is housed at a correctional facility affected or at imminent risk
    of being affected by (I) an ongoing outbreak of infectious disease, or (II) an
    ongoing public health emergency declared by the appropriate federal, state, or
    local authority;
    (ii) due to personal health risk factors and custodial status, the defendant is at
    increased risk of suffering severe medical complications or death as a result of
    exposure to the ongoing outbreak of infectious disease or the ongoing public
    health emergency described in clause (i); and
    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1).

Arguably, Mr. Mays seeks relief under subsection (B)(iii) because he is experiencing

deteriorating physical health because of the aging process that substantially diminishes his ability

to provide self-care within the prison environment and is not expected to recover.   Mr. Mays

argues that beginning April 5, 2023, he began to suffer from gout outbreaks, wheezing episodes,

kidney pain, bladder issues, insomnia, and headaches.   *Renewed Motion* (ECF No. 1248) at 8.

Mr. Mays apparently suffers from several ailments including hypertension, asthma, back pain,

hyperlipidemia, gout, sciatic nerve pain, and other unexplained medical conditions including what

Mr. Mays describes as "painful ever changing COVID-related illnesses."   *Id.* at 10.   On the

present record, however, he has not shown that the BOP has failed to adequately diagnose or treat

his ailments, or that any such failure to provide care constitutes an extraordinary and compelling

reason for his release.   In March of 2021, the court found that based in part on the number of

COVID-19 infections at his facility and a lack of testing, Mr. Mays's medical conditions

substantially diminished his ability to provide self-care for his medical ailments.   *See*

*Memorandum And Order* (ECF No. 1213) at 6–7.   Mr. Mays has not presented evidence that

prison conditions today are substantially comparable to the conditions present in 2021, or that his

-10-

deteriorating physical health has substantially diminished his ability to provide self-care within the prison environment. Likewise, Mr. Mays has not shown that the severity of his medical conditions or the BOP's treatment of these conditions is "similar in gravity" to the medical circumstances under Section 1B1.13(b)(1) so as to warrant relief under the catchall provision in the policy statement. *See* U.S.S.G. § 1B1.13(b)(5).

Mr. Mays has not presented reasons—either individually or collectively—which are extraordinary or compel his release.

### III.   Danger to the Community

Under the policy statement, compassionate release is appropriate only if an inmate is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). In this vein, the safety of the community refers not only to the risk that a defendant will commit acts of physical violence but more broadly includes the danger that the defendant "might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). Section 3142(g) directs a court to consider a variety of factors including defendant's history and characteristics, the nature and circumstances of the current offense, and the nature and seriousness of the danger that would be occasioned by defendant's release. *See* 18 U.S.C. § 3142(g)(1), (3)–(4).

In ruling on Mr. Mays's first compassionate release motion, the court found that Mr. Mays had not shown that if released, he would not be a danger to the safety of any other person or to the community. *See Memorandum And Order* (ECF No. 1213) at 7–8. The court noted that Mr. Mays has a lengthy criminal record which commenced when he committed battery at the age of 11. *Transcript Of Sentencing Proceedings* (ECF No. 785) at 181. As an adult, Mr. Mays was convicted of possession of a controlled substance, gambling, trespassing, and theft. *See id.*,

¶¶ 101–04.   In 2000, he was convicted of aggravated assault and two counts of selling cocaine. *See id.*, ¶ 105.   In 2011, he was convicted of assault of a law enforcement officer and was serving a six-year term of imprisonment at the time of sentencing in this case.   *See id.*, ¶ 106.   The 2011 offense was relevant conduct to the instant offense.   As part of the 2011 offense, during a traffic stop, Mr. Mays caused serious physical injury to a police officer when he refused to exit his truck and started to drive the vehicle away while the officer's arms were caught inside the vehicle.   *See id.*

In ruling on Mr. Mays's earlier motion, the court also determined that the nature and circumstances of the instant offense suggest that Mr. Mays would be a danger to the community if released.   *See Memorandum And Order* (ECF No. 1213) at 8.   Mr. Mays was involved in a large-scale drug trafficking conspiracy.   He personally was accountable for 220 grams of cocaine base and approximately ten kilograms of powder cocaine.   *See Presentence Investigation Report* (ECF No. 679), ¶ 78.   He received a two-level enhancement for maintaining a residence to manufacture controlled substances, a two-level enhancement for possession of a firearm, and a two-level enhancement for creating a substantial risk of death or serious bodily injury to another while fleeing from law enforcement.   *See id.*, ¶¶ 85–86, 89.

Despite Mr. Mays's continued rehabilitative efforts since 2021, he has failed to establish that if released today, he would not be a danger to the safety of any other person or to the community even under strict conditions of release.   The court therefore denies his renewed motion for compassionate release.

## IV.   Applicable 18 U.S.C. § 3553(a) Factors

Even if Mr. Mays had demonstrated extraordinary and compelling reasons for his release and that he is not a danger to the community at this time, he has not shown that the applicable

Section 3553(a) factors support a reduced sentence.   Under Section 3553(a), a sentencing court must "impose a sentence sufficient, but not greater than necessary."   18 U.S.C. § 3553(a).   In doing so, the court considers various factors including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing [guideline] range established for [the offense] . . .;
>
> (5) any pertinent policy statement . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Now 47 years old, Mr. Mays's current anticipated release with good time credit is April 19, 2026.   *See* Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Mar. 26, 2024).   To date, with good time credit, he has served about 152 months in prison.   A reduction of Mr. Mays's sentence to time served would not reflect the serious nature of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to future criminal conduct.   The nature and circumstances of this offense, as outlined above, do not support a sentence of time served.   *See supra* text, Discussion, Part III.   Likewise, Mr. Mays's extensive

-13-

criminal history supports the amended sentence of 180 months that was imposed here. *See id.* The court recognizes that Mr. Mays has received no disciplinary incidents in the last four years, has completed numerous educational programs, and has vocational training in several areas. *See Renewed Motion* (ECF No. 1248) at 4–5. On balance, however, the factors under Section 3553(a) do not support a sentence of time served, which would be below the low end of the amended guideline range of 168 to 210 months. A sentence of 180 months remains sufficient but not greater than necessary to accomplish the goals of sentencing.

### CONCLUSION

Mr. Mays has not established that (1) extraordinary and compelling reasons warrant his release, (2) if released, he would not be a danger to the safety of any other person or to the community, or (3) the applicable factors under Section 3553(a) support his release. Accordingly, the court denies Mr. Mays's renewed motion for compassionate release.

**THEREFORE**, it is hereby

**ORDERED** that defendant's pro se *Renewed Motion For Compassionate Release And Sentence Reduction* (ECF No. 1248) is **DISMISSED as an unauthorized successive motion under 28 U.S.C. § 2255 to the extent that defendant asserts that the court erred in entering its** *Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* **(ECF No. 943) and is otherwise DENIED.**

Dated this 14th day of June, 2024 at Kansas City, Kansas.

SCOTT W. SKAVDAHL
United States District Judge

-14-